UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JACKIE KILLIAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YOROZU AUTOMOTIVE TENNESSEE, ) <br> INC., ) <br> ) <br> Defendant. ) | No. 4:02-CV-39 <br> (JARVIS/GUYTON) |

## **REPORT AND RECOMMENDATION**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by referral from the Honorable James Jarvis, United States District Judge, for a report and recommendation on the Plaintiff's Motion To Renew And Supplement Request For Attorney's Fee [Doc. 60][1], and the Plaintiff's Motion For Additional Attorneys' Fees And Bill Of Costs [Doc. 67]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Plaintiff Jackie Killian's Motions [Docs. 60, 67] be **GRANTED** and that the plaintiff be awarded $99,540.00 in attorneys' fees.

**I.     BACKGROUND**

On June 3, 2002, the plaintiff brought this action against the defendant Yorozu Automotive Tennessee, Inc. ("Yorozu") for the wrongful termination of her employment at Yorozu

---

[1]The plaintiff's first Motion For Attorney's Fee [Doc. 52] was denied as moot, due to the filing of an appeal by the defendant, but the Court gave plaintiff leave to renew the motion upon resolution of the appeal [Doc. 55].

for exercising her rights under the Family and Medical Leave Act of 1983 (FMLA), 29 U.S.C. § 2617. [Doc. 1]. Yorozu filed its Answer and denied liability [Doc. 3]. The matter originally was to be a jury trial. Yorozu filed a Motion To Compel [Doc. 11] discovery, which was granted by the Court [Doc. 16]. Yorozu filed a Motion For Summary Judgment [Doc. 8], to which the plaintiff responded [Doc. 13]. The Court denied the Motion For Summary Judgment [Doc. 21], and the case proceeded to trial. On the day prior to trial, the parties agreed that the case would be heard by the Court without a jury, and the trial was held on March 9, 2004. In the weeks following the trial, the plaintiff and the defendant filed proposed findings of fact and conclusions of law [Docs. 43, 46].

On August 16, 2004, the Court issued its Memorandum Opinion [Doc. 49], finding that judgment should enter in favor of the plaintiff. The Court awarded back pay in the amount of $7,000.00 and front pay in the amount of $48,000.00, for a total damage award of $55,000.00 plus interest. The Court did not award liquidated damages.

The defendant filed an appeal [Doc. 51]. The case was fully briefed, and the Court of Appeals heard oral argument in Cincinnati, Ohio. On July 20, 2006, the Court of Appeals affirmed the judgment of the District Court [Doc. 60], and on September 11, 2006, the Court of Appeals issued its Mandate [Doc. 65].

II.   POSITION OF PARTIES

The plaintiff's request for attorneys' fees is supported by the affidavits of plaintiff's counsel, Michael D. Galligan ("Galligan") and Susan N. Marttala ("Marttala"); Statements of Attorney's Fees, both through trial and then for the appeal; the affidavits of H. Thomas Parsons and William T. Ramsey (opining on the reputations of plaintiff's counsel and the reasonableness of their

hourly rates); and pre-litigation correspondence between counsel. The plaintiff seeks $56,950.00 through the trial, and an additional $43,750.00 for the appeal, for a subtotal of $100,700.00. Plaintiff also initially sought fees for the preparation, filing and hearing on the present motion for fees, and the pre-appeal motion for fees, in the amount of $10,780.00 [Doc. 67]. However, in reply to defendant's brief, plaintiff reduced that request amount to $4,535.00 [Doc. 72]. The grand total of all of these fee requests is $105,235.00.[2]

The defendant objects to the amount of fees requested by the plaintiff [Docs. 61, 71]. While the defendant does not question the hourly rate for plaintiff's attorneys, Galligan and Marttala, the defendant does argue: (1) the plaintiff did not prevail on all issues, and (2) the fee request is not presented in sufficient detail. In reply, the plaintiff argues that she did achieve all the results she sought, even though the District Court awarded only $55,000.00, and not the $166,235.00 that she claimed in lost wages and liquidated damages. The Court of Appeals, in affirming the Judgment of the District Court, did not reduce the plaintiff's award.

As for the detail of the billing records, plaintiff argues that they are presented in sufficient detail, and that they reflect reasonable amounts of time spent for different aspects of the case, so as to justify the award of all fees requested.

In its filings, the defendant does not propose a specific, or even an approximate, amount of fees which should be allowed to the plaintiff. At the hearing, however, the defendant argued that only 50% of the plaintiff's trial related fees, and only 90% of the plaintiff's appeal

---

[2]The plaintiff also provided the Court with a copy of the plaintiff's Bill of Costs. That is a separate matter which is addressed, initially at least, by the Clerk of Court.

related fees should be allowed. This calculates to approximately $67,850.00, as opposed to the $100,700.00 requested by the plaintiff.

In addition, the parties agree that the plaintiff is entitled to fees for preparing and litigating the request for fees. They also agree that the Sixth Circuit applies a cap to such fees, that is, a certain percentage of the hours in the main case. However, the defendant argues that the cap should be 3%, while the plaintiff argues that the appropriate cap is 5%.

Finally, the parties agree that prejudgment interest may be awarded, but they disagree on the percentage. The plaintiff seeks 10%, which is the statutory rate in Tennessee. The defendant objects, and suggests that the Court should use a lower interest rate based on 28 U.S.C. § 1961.

## III. ANALYSIS

### A. Calculation of the Lodestar Amount

The FMLA allows an award of attorneys' fees and costs to a plaintiff recovering a judgment in a case. According to the FMLA, "the Court in such an action shall . . . allow a reasonable attorney's fee." 29 U.S.C. § 2617(a)(3).

"'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)). In deciding what constitutes a reasonable fee, the Court begins with determining the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The defendant does not dispute the hourly rates claimed for

attorneys Galligan ($250 per hour) and Marttala ($200 per hour), and the Court finds those rates to be reasonable. Accordingly, the only issue remaining for the undersigned with respect to the lodestar amount is the number of hours reasonably expended in the representation of the plaintiff.

> The Court may consider the following factors in calculating the basic lodestar fee:
>
> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Adcock-Ladd, 227 F.3d at 349 n.8 (quoting Reed, 179 F.3d at 471-72 n.3). One of the most important factors for the Court to consider is the result obtained. Id. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435.

The lodestar method, however, "does not solve the problem of excessive hours." Coulter v. Tennessee, 805 F.2d 146, 150 (6th Cir. 1986). Thus, a Court, within its discretion, may reduce the total number of hours claimed if they are unreasonable. Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., No. 01-2133-GV, 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003). "The question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work was performed." Id. The plaintiff has the burden of demonstrating that the amount of hours claimed is reasonable. See Blum v. Stenson, 465 U.S. 886, 897 (1984).

5

1.      *Failure to Itemize*

The defendant argues that the plaintiff's fee award for the main case (pre-appeal) should be reduced by 50%, in part because the fee statements are not contemporaneous or sufficiently itemized by tasks. Because of this "lumping" of time, the defendant argues that it is impossible to determine the reasonableness of the time spent on each particular service or task.

The Supreme Court has stated that counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." <u>Hensley</u>, 461 U.S. at 437 n.12. In the present case, the plaintiff's counsel do not explicitly set forth how much time was spent on each individual task. The Court finds that the entries made by counsel were sufficient to identify the general subject matter of their time expenditures, but lacked the day-to-day record keeping which would allow proper scrutiny. Accordingly, some deduction is warranted by counsel's "lumping" of time, and the Court concludes that a 10% reduction of the time through the trial is appropriate.

2.      *Plaintiff's Success At Trial And On Appeal*

The defendant also argues that the plaintiff did not prevail on all issues raised at trial, and moreover, that she did not recover all damages that she requested. The Court, however, finds that the plaintiff achieved excellent results, and there is no basis to reduce the fee request on that ground. In this regard, the Court must note the following: this matter, at all phases, has been zealously litigated, down to the fine details, between well-experienced, highly skilled lawyers of excellent reputation. The fees incurred by the plaintiff reflect this level of advocacy, and they certainly do not amount to a windfall for the plaintiff's counsel.

3.      *Other Objections*

At the hearing on this issue, the defendant argued that this case was attorney Marttala's first case before the Sixth Circuit Court of Appeals, and thus she must have spent an excessive amount of time preparing for it. The defendant also suggested that the total amount of fees attributable to the appeal are too high, especially in relation to the overall case. The Court has carefully considered these arguments and finds no basis to reduce the request for fees related to the appeal.

### 4. Fees For Litigating The Fee Request

On this issue, the parties simply disagree on whether the cap applicable under the guideline established in Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986) should be 3% or 5%. In Coulter, the Court stated that "the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." The purpose of this rule is "to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." Coulter, at Id. The Court finds that application of the 5% cap is appropriate in the present case, and that the fees awarded as a result, $4,535.00, are not out of proportion to the rest of the case.

### 5. Prejudgment Interest

The parties agree that an employer found in violation of the FMLA shall be liable for prejudgment interest "calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). The parties also agree that the FMLA provides no definition of, or guidance for determining, the prevailing rate. Upon careful consideration of the case law cited by the parties, the Court finds that the appropriate

rate to use is that set forth in 28 U.S.C. § 1961, which states that interest shall be calculated at a rate equal to the weekly average one (1) year constant maternity yield on Treasury Bills.[3]

## III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED**[4] that Plaintiff's Motion To Renew And Supplement Request For Attorney's Fee [Doc. 60] and the Plaintiff's Motion For Additional Attorneys' Fees and Bill Of Costs [Doc. 67] be **GRANTED** and that the plaintiff Jackie Killian be awarded fees as follows:

| | |
|---|---|
| Fees through Trial | $51,255.00 |
| Fees through Appeal | $43,750.00 |
| Fees for Fee Dispute/Litigation | $ 4,535.00 |
| **TOTAL** | <u>$99,540.00</u> |

In addition, prejudgment interest should be allowed in an amount consistent with this opinion.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[3]This apparently is also the rate used by the plaintiff to calculate post-judgment interest.

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).